IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:26-CR-00038 |
| | : | |
| v. | : | (Judge Neary) |
| | : | |
| MATTHEW BAIR | : | (Electronically Filed) |

**REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT FROM ADMITTING INADMISSIBLE EVIDENCE**

This case is about Mr. Bair's possession of firearms and his knowledge, or lack thereof, of his status as a prohibited person. This case is not about vague, equivocal, uncharged allegations of threats.

Not only is the contested evidence impermissible, but the Government's entire theory rests on the jury making impermissible assumptions about Mr. Bair's character. The Government sought and failed to find evidence of Mr. Bair's beliefs crystallizing into some sort of criminal action—so they settled on the present charge.

They are now trying to use a 922(g) allegation to shoehorn in evidence of their failed investigation. That is improper. The evidence discussed in the prior briefing must be excluded as well as additional evidence the Government mentions in its briefing.

## I. The Government Is Trying to Prove A Case Not Charged: Both the Original Contested Evidence and the "Foundational Evidence" to Admit It Is Impermissible Character Evidence

In addition to the photos and video, the Government claims it will introduce "foundational evidence" to prove Mr. Bair's identity and the identity of the guns in the photos and video. This "foundational evidence" highlights Mr. Bair's concern: it is both impermissible under Fed. R. Evid. 404(b), and its probative nature as a foundational fact to prove an uncontested element is highly outweighed by its prejudicial effect.

These "foundational facts" would allow the Government to divulge to a jury that Mr. Bair allegedly: went to a state park with an undercover cop, was surveilled by another; went to Washington, D.C. (with guns, a tactical vest, and bear mace; and that Mr. Bair sent an undercover agent videos involving Confederate flags over Telegram. Eight pages of briefing by the Government was spent on these facts, numerous hours of trial will be spent on these facts, all going to build up an uncontested element.

This "foundation" is not proof that Mr. Bair possessed firearms. Although it may go to prove that Mr. Bair was in the contested photos

or took the contested photos or videos; it is not direct evidence of his possession. Therefore, it is not intrinsic.

Despite the Government's attempt to fit a square peg int a round hole, it also does not establish that Mr. Bair knew that he had been convicted of a crime punishable for more than a year in prison. We recognize that buying firearms not through a federal licensee is circumstantial evidence of such element, but the number of times someone handled a gun is not.

Nor does this evidence "complete the story" as discussed in *Green*. See *United States v. Green*, 617 F.3d 233, 243 (3d Cir. 2010) (citing *Lynch v. United States*, 12 F.2d 193, 194 (4th Cir. 1926) ("The general rule is that, where a defendant is on trial for one offense, evidence of separate and distinct offenses is not permissible, except where . . . the subject of inquiry is so related to the main offense as to throw material light thereon."))). This evidence does not bring to light material evidence establishing the offense of possession of a firearm by a prohibited person; it is a sideshow that directly impugns Mr. Bair's character. Indeed, far from merely showing that Mr. Bair took strange photos or offensive videos with a gun, which is prejudicial in its own

right, the proffered evidence will now show that Mr. Bair allegedly went to D.C. with firearms, a ballistic vest, flares, and bear mace, and rode around with an undercover police officer to power stations—though he committed no crime at those stations. None of this relates to whether Mr. Bair possessed a firearm while knowing he had been convicted of a crime punishable by more than a year in prison.

## II. The Government Cannot Rely on Minimally Probative Evidence To Hide Behind Its Prejudicial Effect

Under the Fed. R. Evid. 404(b) factors, or even assuming arguendo that the proffered evidence (and the even more problematic foundation attending it) is not 404(b) evidence, the evidence must survive the Fed. R. Evid. 403 balancing test. It does not.

The evidence is minimally probative but highly prejudicial. Regardless of the Government's intent, the admission of such evidence will turn this proceeding into a trial about Mr. Bair's character and his involvement in an Accelerationist group, despite other, less prejudicial existing facts that are in play as to the element of possession.

Mr. Bair objects to the proffered evidence not simply because it "damages his cause," but because it is very likely to cause jurors to focus on his political beliefs and actions (which are offensive to many people),

creating a prejudicial side show.[1] See *United States v. Bergrin*, 682 F.3d 261, 279 (citing *United States v. Starnes*, 583 F.3d 196, 215, (3d Cir. 2009) ("[U]nfair prejudice does not simply mean damage to the opponent's cause))."

The Government's reliance on *Finley* is misplaced. In *Finley*, the Court acknowledged that a stipulation is one factor in the Rule 403 balancing test, but not mentioned in *Finley* is the existence, as here, of other, stronger, evidence proving such an element. *United States v. Finley*, 726 F.3d 483 (3d Cir 2013). *Finley* involved a child pornography charge where knowing possession was contested and the defense tried to stipulate that the files of child pornography were in fact child pornography to avoid showing the photos and video to the jury. *Id.* But without seeing the photos or videos it would be harder for the Government to prove Finley knew what he possessed was in fact child pornography. The exact nature of the media was not only probative but necessary to show knowledge. Not so here. First, the Government has far more evidence of a less prejudicial nature to show that Mr. Bair

[1] The Government attempts to undermine this point by arguing it will "simply" call two witnesses to testify to foundational facts, ignoring the reality of a contested trial in which rigorous cross-examinations and objections to various parts of the testimony as well as potential defense witnesses that may be called to rebut such testimony.

possessed these firearms. Secondarily, the amount of times someone held a gun, took photos of a gun, or posed with a gun has no bearing on their knowledge that they were convicted of an offense which makes them a prohibited person. It simply does not establish knowledge.

*Old Chief* is an instructive case, but not in the way Government argues. The Supreme Court stated that the defense cannot merely stipulate away bad facts. Nevertheless, even relevant evidence must be limited when overly prejudicial:

> The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. See generally 1 J. Weinstein, M. Berger, & J. McLaughlin, Weinstein's Evidence P403[03] (1996) (discussing the meaning of "unfair prejudice" under Rule 403). So, the Committee Notes to Rule 403 explain, "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860.

*Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Here, the problem is not that evidence of Mr. Bair holding and handling the guns in the indictment is completely irrelevant. The issue is that the Government would be required to introduce a foundation to such evidence, and the foundation will tend to improperly influence the jury. The

jury will no longer be focused on whether Mr. Bair possessed these guns – he undoubtedly did. But they will instead consider him an instigator, gang member, or general ne'er do well based upon his political views. The jury can convict based on action but cannot do so based on association. The jury should be able to consider the facts, not the emotion of seeing a man load up his car with weapons and allegedly drive to Washington, D.C. Yet introducing the requested evidence threatens to cause the jury to do just that.

Nor does preventing this evidence from coming in hamstring the Government in presenting a full story of the offense. The Government argues that Mr. Bair "seeks to suggest to the jury that the FBI merely happened upon his home in March 2026 and discovered that he passively (albeit constructively) possessed firearms that were stored there, leaving the jury with the misimpression that the Government investigation did not reveal that he actually possessed firearms on multiple occasions." ECF No. 52 at *22-23. The Government neglects to recognize that *how* it came to find guns in his house is *not* an issue for the jury to consider. And even so, it is the Government, not Mr. Bair, who hobbled its ability to explain the arrest of Mr. Bair and the discovery of guns in Mr. Bair's home in March 2026. The Government indicted Mr. Bair on possession of guns at a firearm range in which Mr. Bair was seen and recorded

physically shooting firearms. This shows that the FBI did not "merely happen upon his home." But the Government chose to dismiss the indictment and instead charge Mr. Bair with the firearms in his home, perhaps in an attempt to interpolate Mr. Bair's membership in an Accelerationist group and vague, noncriminal behavior into this case.

Although *Old Chief* kept out evidence of the nature of Old Chief's previous conviction and focused their analysis on the status element, the concept is the same in this specific case regarding possession. See *Old Chief*, 519 U.S. at 191 ("Proving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent criminality, and its demonstration by stipulation or admission neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or offend or provoke reproach)." Similarly, excluding the contested evidence here would not leave the prosecution hamstrung. Instead, the jury would be presented with: how and when Mr. Bair procured the firearms, where they were stored, his admission to his possession, his direction to the FBI of where to find the

firearms, and the FBI procuring the firearms exactly where Mr. Bair said they would find him. This is a complete story as to possession, which, again, is not being contested by the defense. Any extraneous information is simply nonmaterial color to the story, which does not survive the balancing test due to its potential highly prejudicial effect.

## CONCLUSION

The Government claims that the proffered evidence is necessary to show the full story of the alleged crime and would not waste the Court's time because laying foundation to such evidence would be brief. But the cracks in the Government's argument begin with the foundation. The foundation required to prove the relevance of the photos and video introduces further improper character evidence. Even if marginally relevant, leads the Court down a lengthy, time-consuming rabbit-hole of highly prejudicial information. The remedy is simple: exclude this evidence. Mr. Bair respectfully requests the Court do so.

Respectfully submitted,

Date: October 8, 2026

*/s/ Beatrice F. Diehl*
BEATRICE F. DIEHL, ESQUIRE
Assistant Federal Public Defender
Attorney ID #PA319331

100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Tel. No. (717) 782-2237
Fax No. (717) 782-3881
*Beatrice_diehl@fd.org*
*Attorney for Matthew Bair*