IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:26-CR-00038 |
| | : | |
| v. | : | (Judge Neary) |
| | : | |
| MATHEW BAIR | : | (Electronically Filed) |

**DEFENSE BRIEF IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE PROPOSED EXPERT TESTIMONY**

Mr. Bair's proposed expert, Mr. Patrick Korody, should be permitted to testify pursuant to the notice provided to government counsel. Government's motion in limine to exclude such testimony should be denied.

## ARGUMENT

The Government does not appear to object, at this time, to all of Mr. Korody's proposed testimony but merely testimony that "notice of collateral consequences including prohibition of firearm ownership was not provided in military plea colloquies in 2012 nor in pre-trial agreements, this practice was changed since 2012 and such notice is provided in colloquies, pre-trial agreements, and notated on entry of judgments." Mr. Korody's testimony is admissible as it is relevant, proper testimony made by an expert on military justice policies and procedures, and its probative quality is not substantially outweighed by prejudice.

### *I. Mr. Korody's Testimony Provides Essential Context That Makes It More Likely Mr. Bair Did Not Know His Status, An Essential Element of the Offense*

Mr. Korody's testimony is highly relevant. Government misses the nuances of the defense in arguing the irrelevancy of Mr. Korody's expertise. Mr. Korody's testimony is necessary to help prove Mr. Bair was unaware of his status: that he had been convicted by a crime punishable by more than a year in prison and that he did not fit within the exceptions within 18 U.S.C. § 921(a)(20).

18 U.S.C. § 921(a)(20) defines 18 U.S.C. § 922(g)'s term of a "crime punishable by imprisonment for a term exceeding one year." It states that the term does not include "[a]ny conviction…for which a person…has had civil rights restored shall not be considered a conviction for purposes of this chapter."

*Rehaif* held that "[t]o convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif v. United States*, 588 U.S. 225, 227 (2019). When correcting the oft-misunderstood element requiring knowledge of status, the Court ensured that only those with a guilty mind would be convicted and to protect those who might be confused by their status due to the punishment they received:

> If the provisions before us were construed to require no knowledge of status, they might well apply to an alien who was brought into the United States unlawfully as a small child and was therefore unaware of his unlawful status. Or these provisions might apply to a person who

> was convicted of a prior crime but sentenced only to probation, who does not know that the crime is "*punishable* by imprisonment for a term exceeding one year." §922(g)(1) (emphasis added); see also *Games-Perez*, 667 F. 3d, at 1138 (defendant held strictly liable regarding his status as a felon even though the trial judge had told him repeatedly—but incorrectly—that he would "leave this courtroom not convicted of a felony"). As we have said, we normally presume that Congress did not intend to impose criminal liability on persons who, due to lack of knowledge, did not have a wrongful mental state.

*Id* at 233-234.

The Court clearly believed that the person sentenced under a year and did not know the crime was punishable by a term exceeding one year should not fall under the yoke of a §922(g)(1) conviction.

*United States v. Mack* did not provide a robust analysis of the state of the law post-*Rehaif*, but confirmed that ignorance of the law is not a defense, rather lack of knowledge that one belonged to one of the prohibited status groups enumerated in § 922(g) ***is*** a proper defense. *United States v. Mack*, 2023 WL 142804, at *2 & n.8 (3d Cir. 2023) (citing *United States v. Singh*, 979 F.3d 697, 727-28 (9th Cir. 2020)). It is defense's proposition that both *Mack* and *Singh* do not fully correctly interpret *Rehaif*'s holding as to knowledge. The government's brief cites *Mack*, stating, "Rehaif did not alter the well-known maxim that ignorance of the law (or mistake of law) is no excuse to a conviction under § 922(g).") *Id* at *1 & n.8. However, *Rehaif* specifically undermined that maxim in § 922(g) cases, stating that "the maxim does not normally apply where a defendant "has a

mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct," thereby negating an element of the offense." *Rehaif*, 588 U.S. at 234. As such, Mr. Bair reserves the right to challenge the validity of *Mack* and its application to his case should this go forward on appeal, however, it is understood that this Court is bound by the Third Circuit's decision.

Even so, Mr. Korody's testimony is relevant under *Mack*'s analysis. Mr. Korody's opinion relates directly to whether Mr. Bair knew that he belonged to the prohibited status group. Mr. Korody's testimony that the collateral consequence of prohibition of firearm possession was not discussed as a matter of practice (military judges perform plea colloquies from the same pre-approved script) and that practice has since changed makes it more likely that Mr. Bair was unaware he was part of the group prohibited from carrying firearms.

The government will argue that based on the colloquy alone, Mr. Bair knew or should have known that he was convicted of a crime punishable by more than a year in prison. But the fact that collateral consequences were not explained at the time and have since been added to the plea colloquy, plea agreements, and in entry of judgments, supports the fact that Mr. Bair did not understand or know that the crime was *actually* punishable by more than one year. If he did not understand the collateral consequences, which are standard for a crime punishable by more than

one year, then it makes it more likely that he did not know that the crime, for which he received less than a year, put him in the category of a prohibited person. Further, if his civil rights were not taken away (or the possibility that they could have been was not explained), then it is likely Mr. Bair understood that his conviction was not one that was considered a "crime punishable by imprisonment for a term exceeding one year" pursuant to 18 U.S.C. § 921(a)(20). See *United States v. Robinson*, 982 F.3d 1181, 1186 (8th Cir. 2020) ("After *Rehaif*, it may be that a defendant who genuinely but mistakenly believes that he has had his individual rights restored has a valid defense to a felon-in-possession charge under this provision)." The change in the colloquy script shows Mr. Bair was not acting willfully blind or was unreasonable when he was unaware of his prohibited status, but that it was such a reasonable belief and reaction that standard practice had to be changed.

The government may not agree with such a conclusion, but that does not make Mr. Korody's testimony irrelevant. His testimony is relevant to Mr. Bair's knowledge and the reasonableness of such.

## ***II. Only Someone with Mr. Korody's Specialized Knowledge, Experience, and Background Could Testify to Such Information; Thus, His Admission as an Expert Is Proper***

A witness qualified as an expert "by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent

demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…" Fed. R. Evid. 702.

It is important to note that prior to notice of Mr. Korody's expert testimony defense did not yet have the transcript of Mr. Bair's military plea and sentence. However, the transcript does not obviate the helpfulness of this portion of Mr. Korody's testimony.

The relevance of the objected-to portion of Mr. Korody's expertise was discussed above. The dominoes of the government's objection fall after such relevance is established. Such testimony will assist the trier of fact in understanding the complexities of military justice procedure as well as to understand a fact in issue: Mr. Bair's knowledge. While Mr. Korody cannot testify as to Mr. Bair's thoughts at the time, his testimony will support the reasonableness of Mr. Bair's proposition that he truly did not know his conviction was one that prohibited him from possessing a firearm.

It is also clear, from Exhibit 1 to this reply, that Mr. Korody has the knowledge, skill, experience, training, and education needed to opine about military justice procedures. It is similarly clear that a layperson would not understand such from just reviewing a military plea trial agreement or plea transcript. See *United States v. Chaffo*, 452 Fed. Appx. 154, 158 (3d Cir. 2011)

(unpublished) ("We have always allowed expert testimony which assists the trier of fact in understanding complex transactions that lie outside 'the common knowledge of the average juror.')" (citing *United States v. Watson*, 260 F.3d 301, 307-08 (3d Cir. 2001)). Such testimony requires specialized knowledge – someone off the street cannot testify as to the change in the standard language used in plea agreements, colloquies, and entries of judgments, only someone intimately familiar with the military justice system could explain.

Nor does Mr. Korody's testimony usurp the province of the jury. "That such testimony might sound like legal terminology does not diminish its helpfulness, unless it simply offers legal conclusions in the form of an opinion." *Id*. While Mr. Korody's testimony does involve legal procedures, his testimony focuses on non-governing law that will help the jury understand the evidence. See *United States v. Tartaglione*, 815 Fed Appx. 648, 650-51 (3d Cir. 2020). Mr. Korody will not, and cannot, opine as to whether Mr. Bair legally had the requisite knowledge of his status, he will merely testify that the military did not routinely provide notice of collateral consequences such as firearm rights and has since changed that in plea colloquies, plea agreements, and entries of judgment.

### ***III. Allowing Mr. Korody's Testimony Will Not Prejudice the Jury and Is Substantially More Probative Than Any Faint Specter of Prejudice***

The government's Rule 403 argument relies heavily on the mistaken argument that Mr. Korody's testimony is irrelevant or at best, minimally relevant.

For all the reasons discussed above, such testimony is highly probative. Just as in *Tartaglione*, where the expert's testimony on corporate law and fiduciary duties was relevant and helpful to assist the jury in determining if Tartaglione committed fraud, so too will Mr. Korody's testimony on military justice procedures (and the subsequent change in them) be relevant and helpful to assist the jury in determining if Mr. Bair had reason to know of his prohibited status. *See id* at 651 ("Background testimony, for instance about scientific principles, is permitted to contextualize relevant facts… Thus, the District Court did not abuse its discretion by allowing testimony on background non-governing legal standards to contextualize whether Tartaglione acted with an intent to defraud the Clinic)." Given the well-established probative value of Mr. Korody's testimony, any minimal risk of confusion or potential prejudice is outweighed by his value as a witness. If the Court is concerned about confusion of the issues, then a limiting instruction on Mr. Korody's testimony will alleviate any such concern. *See id* at 650 ("[T]o prevent confusion, the District Court entered and enforced an order limiting Pacella's testimony to background topics)."

***IV. The Remainder of Mr. Korody's Testimony Is Admissible, and the Government Has Sufficient Notice of His Opinions***

The government reserved several potential arguments about the rest of Mr. Korody's testimony regarding "what a General Court-Martial is, the jurisdictional maximums at such a court-martial, and the definition of a

suspended and vacated sentence." Counsel provided the required notice under Federal Rule Of Criminal Procedure 16(b)(1)(C)(iii) including Mr. Korody's curriculum vitae with his contact information. A verbatim account of Mr. Korody's opinions is neither required nor possible as Defense's case-in-chief relies heavily on the Government's presentation of evidence. Further, Government Counsel had the ability to ask for more information regarding such opinions or may ask to voir dire Mr. Korody.

Defense counsel understands that the fast-paced ever-changing moving parts of trial require flexibility regarding objections and that the Government's reservations to potential objections reflect such understanding. Therefore, arguments on potential objections are not yet ripe. However, defense will endeavor to expand upon its notice for government's edification. Mr. Korody will provide background information explaining military justice procedures. Specifically, that a suspended and vacated sentence in military justice proceedings was (in 2012) dictated by plea trial agreements. The sentencing provision would not have been shown to the Military Judge until after pronouncement of sentence and that anything the Military Judge ordered over the agreed-upon sentencing provision was suspended and vacated, that is: not served and operationally null. Criminal justice is confusing for the layperson, translating military justice documents is even more so for the civilian layperson. Mr. Korody will shed light on that confusing

process. Without the help of someone who has worked in the military justice system the jury may be confused by the sentence promulgated by the Military Judge. It is not clear from the military record of trial that the pronounced sentence would not be served and someone who signed a pre-trial agreement (a PTA in military terminology) would understand that.

Mr. Korody will also explain that the term "felony" is not used in the military, however, it is generally understood that a General Court-Martial is a felony-level court where the jurisdictional (if not the sentencing) maximum is over a year. This can be used to benefit the government as well as the defense. If the Government believes defense inadvertently violated Rule 16 by not adequately flushing out the details of Mr. Korody's opinions, then a continuance rather than exclusion is the appropriate remedy. However, defense believes that the original notice, along with this reply, and the opportunity to voir dire Mr. Korody provides the government enough time to prepare any argument necessary.

Such evidence is relevant, appropriate for testimony of an expert witness, and admissible under any Rule 403 challenge.

## **CONCLUSION**

Mr. Korody's testimony is based on his specialized skill and knowledge and will help the trier of fact contextualize Mr. Bair's military justice conviction and sentence, which makes it more likely Mr. Bair was unaware of his prohibited status. Excluding such testimony would be prejudicial to Mr. Bair's defense and thus government's motion should be denied.

Respectfully submitted,

Date: October 14, 2026

*/s/ Beatrice F. Diehl*
BEATRICE F. DIEHL, ESQUIRE
Asst. Federal Public Defender
Attorney ID# FL0124667
100 Chestnut Street, Third Fl.
Harrisburg, PA 17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
Beatrice_Diehl@fd.org
*Attorney for Mathew Bair*

## CERTIFICATE OF SERVICE

I, Beatrice F. Diehl, Esquire, Assistant Federal Public Defender, do hereby certify that I served a copy of the foregoing **Brief In Opposition**, via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

CARLO D. MARCHIOLI, ESQUIRE
*Carlo.D.Marchioli@usdoj.gov*

MATTHEW BAIR

Respectfully submitted,

Date: October 14, 2026

*/s/ Beatrice F. Diehl*
BEATRICE F. DIEHL, ESQUIRE
Asst. Federal Public Defender
Attorney ID# FL0124667
100 Chestnut Street, Third Fl.
Harrisburg, PA 17101
Tel. No. 717-782-2237
Fax No. 717-782-3881
Beatrice_Diehl@fd.org
*Attorney for Matthew Bair*